# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21503-Civ-WILLIAMS/TORRES

CHICKEN KITCHEN USA, LLC,

    Plaintiff,

v.

TYSON FOODS, INC., TYSON CHICKEN INC., TYSON BREEDERS, INC. and TYSON POULTRY, INC.,

    Defendants.

_____/

## **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER**

This matter is before the Court on Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc.'s (collectively, "Tyson" or "Defendants") motion to transfer ("Motion") this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) against Chicken Kitchen USA, LLC's ("Plaintiff"). [D.E. 7]. On May 19, 2017, Plaintiff timely responded [D.E. 12] to which Defendants replied on May 24, 2017. [D.E. 16]. Therefore, Defendants' Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Defendants' Motion is **DENIED**.

## I. BACKGROUND

Plaintiff is a franchisor of the Chicken Kitchen franchise system. On April 21, 2017 Plaintiff filed a three-count complaint against Defendants because of an alleged conspiracy to fix, maintain, and stabilize the price of broilers (which are young chickens) by limiting production with the intent of increasing broiler prices in the United States. In furtherance of the conspiracy, Defendants purportedly disclosed non-public and confidential information about prices, capacity, sales, volume, and demand with other major broiler producers throughout the United States with the intended effect of increasing prices. Plaintiff alleges that Defendants fraudulently concealed their anticompetitive conduct from others and caused significant financial injury.

Plaintiff's causes of action include (1) a violation of section 1 of the Sherman Act, (2) a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and (3) unfair enrichment. Plaintiff seeks treble damages and injunctive relief. Defendants, based out of Arkansas, have moved to transfer this action to the United States District Court for the Northern District of Illinois so that it may be consolidated with three similar lawsuits that have been filed in that venue. Plaintiff is not a party to any of the lawsuits in Illinois.

## II. ANALYSIS

The present dispute centers on whether this action should be litigated in Florida or Illinois. Defendants' Motion was filed under 28 U.S.C. § 1404(a), a statute that authorizes a civil action to be transferred to another district "[f]or the

convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)). "Whether a transfer is appropriate depends on two inquiries: (1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001) (citing *Miot v. Kechijian,* 830 F. Supp. 1460, 1465–66 (S.D. Fla. 1993) (denying motion for transfer where above test not met)).

The following factors are relevant in determining whether to transfer a case under section 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.,* 745 F. Supp. 993, 996 (S.D.N.Y. 1990)). Because federal courts have traditionally accorded a plaintiff's choice of forum considerable deference, *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947), the burden is on

Defendants, as the movant, to establish that Illinois is a more convenient forum than Florida. *See, e.g.*, *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

The thrust of Defendants' Motion is that the interests of justice, as well as the convenience of the parties and witnesses, requires that this action be transferred to Illinois where twelve substantially similar actions have been consolidated into three class actions currently pending under the caption *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (the "Broiler Litigation"). Defendants contend that the Plaintiff in this case, as well as the plaintiffs in the Broiler Litigation action, allege that Defendant violated the Sherman Act and Florida consumer protection laws by engaging in an antitrust conspiracy. The Broiler Litigation, which was initiated in September 2016, is currently pending before Judge Durkin in Illinois and consists of three consolidated putative class actions.

While Defendants admit that a plaintiff's choice of forum is generally accorded a considerable amount of deference, no such deference is supposedly warranted here where there are related proceedings in the transferee district, and the transferee district is significantly more convenient for both the parties and witnesses. Furthermore, Defendants suggest that Plaintiff's allegations in this action are nearly identical to the indirect purchaser class in Illinois, including the remedy of injunctive relief under the Sherman Act as well as damages under the FDUTPA. Because Plaintiff's lawsuit could have been originally filed in Illinois,

Defendants argue that there is no reason why it should remain in Florida as a separate action from the cases already part of the Broiler Litigation.

As an initial matter, we need not explore the full merits of Defendants' Motion because it fails for an entirely separate reason than the arguments presented in Plaintiff's response. The Broiler Litigation consists of three consolidated class action cases that were *all* filed in Illinois. As such, the relief Defendants seek is barred by 28 U.S.C. § 1407(a), which states that the judicial panel on multidistrict litigation ("JPML") – not this Court – is responsible for coordinating civil actions with common questions of fact that are filed in different districts:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. *Such transfers shall be made by the judicial panel on multidistrict litigation* authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . . .

28 U.S.C. § 1407 (emphasis added).

By the statute's plain language, Defendants must file a motion with the JPML if Defendants wish to coordinate this action with the cases pending in Illinois and cannot use § 1404(a) as an end-run around § 1407(a). *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 190 F. Supp. 3d 1100, 1122 (S.D. Fla. 2016) ("In *Lexecon*, the Supreme Court concluded the language of § 1407 unconditionally commands that any transfer actions be taken solely by the

Judicial Panel on Multidistrict Litigation, 523 U.S. 26, 34–36 (1998) thus preventing the district court from effecting a transfer under § 1404(a)."); *see also Christian v. AstraZeneca Corp.*, 2012 WL 204207, at *1 (M.D. Fla. Jan. 3, 2012), *Report and Recommendation adopted*, 2012 WL 204203 (M.D. Fla. Jan. 24, 2012) ("The drug Seroquel has previously been the subject of multidistrict litigation in this Court and such cases *were transferred by the Judicial Panel on Multidistrict Litigation* from other federal courts to this Court after they were filed in a court with proper venue.") (emphasis added). Because § 1407 directly forecloses Defendants' arguments, we need not explore whether the factors under § 1404(a) warrant transfer of this action.[1] As such, Defendants' Motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Transfer [D.E. 11] is **DENIED**.[2]

---

[1] If we did, Defendants' Motion would likely fare no better. Neither Plaintiff nor Defendants are based in Illinois and the injury here was allegedly suffered in Florida. Those facts do not help Defendants' cause.

[2] It is well established that the undersigned Magistrate Judge has the authority, under 28 U.S.C. 636(b)(1)(A), to dispose of motions to transfer venue, as such a ruling has a non-dispositive effect on the litigation. *See, e.g.*, *McEvily v. Sunbeam-Oster Co.*, 878 F. Supp. 337, 340 (D.R.I. 1994); *see also O'Brien v. Goldstar Technology, Inc.,* 812 F. Supp. 383, 384 (W.D.N.Y. 1993). Under the Court's Local Rules and section 636(b), however, a party has the right to appeal a non-dispositive Order to the District Judge, who may then review any objections under a clearly erroneous standard, or if she chooses under a *de novo* standard.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge